**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CATHERINE MADAGONI,**<br>**Plaintiff,**<br>**v.**<br>**OPCO LLC,**<br>**Defendant.** | **Case No. 1:26–cv–12976–ESK–MJS**<br><br>**OPINION AND ORDER** |

**THIS MATTER** having come before the Court on the application (Application) of *pro se* plaintiff Catherine Madagoni to proceed *in forma pauperis* (IFP) (ECF No. 1–3); and plaintiff having brought this action against defendant OPCO LLC; and the Court finding,

1. Pursuant to 28 U.S.C. § 1915(a)(1), this Court may allow a litigant to proceed without prepayment of fees if the litigant "submits an affidavit that includes a statement of all assets" and "states the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." "The decision to grant [IFP] status turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Supreme Court*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). "A person need not be 'absolutely destitute' to proceed [IFP]; however, an [applicant] must show the inability to pay the filing and docketing fees." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

2. Plaintiff's affidavit in support of the Application sufficiently establishes an inability to pay the Court's fees.

3. The Court shall accordingly screen the action to determine whether plaintiff's complaint (Complaint) (ECF No. 1): (a) is frivolous or malicious; (b) fails to state a claim on which relief may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). The Court notes that while pleadings filed by *pro se* plaintiffs are to be liberally construed and are held to a less stringent standard than those filed by attorneys, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

4. When evaluating whether a complaint must be dismissed under 28 U.S.C. § 1915(e), the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). To survive dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

5. A complaint must also comply with Rule 8, which requires that each allegation be "simple, concise, and direct" yet provide enough specificity as to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555. A complaint fails to satisfy Rule 8 when the court must sift through irrelevant or unclear allegations to discern the claims asserted, such as where it (a) "contain[s] multiple counts where each count adopts the allegations of all preceding counts"; (b) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (c) fails to separate "into a different count each cause of action or claim for relief"; or (d) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).

6. Here, the Complaint meets the above standards.[1] Plaintiff alleges that she was unlawfully retaliated against and had her employment as a healthcare professional unlawfully terminated by the defendant. (Compl. pp. 1, 2). Plaintiff asserts that defendant took negative employment actions against her due to her opposition to how the facility handled a resident's discharge plan. (*Id.*) Plaintiff brings her action under the Americans with

[1] The Court's preliminary review under 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by a defendant after service. *See Richardson v. Cascade Skating Rink*, No. 19–08935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment." (internal quotation marks omitted)).

Disabilities Act (ADA), 42 U.S.C. § 12203(a), and seeks "all appropriate legal and equitable relief." (*Id.* pp. 2, 3).[2]

7. The ADA prohibits retaliation against any individual due to that individual's opposition to any act or practice made unlawful by the ADA or because the individual assisted or participated in any ADA investigation or proceeding. 42 U.S.C. § 12203(a); *Shellenberger v. Summit Bancorp, Inc.*, 318 F.3d 183, 188 (3d Cir. 2003). Under the ADA, "a prima facie case of retaliation requires showing: '(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action.'" *Steidle v. U.S. Liab. Ins. Co., Inc.*, 179 F.4th 193 (3d Cir. 2026) (quoting *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997)); *see also Canada v. Samuel Grossi & Sons, Inc.*, 49 F.4th 340, 346 (3d Cir. 2022) (applying the same standard for retaliation under the ADA and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3). Plaintiffs must also "exhaust their administrative remedies before filing an ADA claim in federal court." *Simko v. U.S. Steel Corp*, 992 F.3d 198, 205 (3d Cir. 2021).

8. The Complaint states that plaintiff contacted a state agency to advocate on behalf of a patient due to concerns about whether the defendant facility properly accommodated the patient's rights. (Compl. p. 1). Plaintiff asserts that the defendant suspended her employment and revoked access to the facility's computer system in response to her handling of her objections, and the defendant terminated plaintiff's employment soon thereafter. (*Id.* at p. 1, 2.) Furthermore, plaintiff states that her supervisor at the defendant facility stated that her suspension was due to her handling of her opposition to the underlying patient discharge plan. (*Id.* at p. 1.) Plaintiff also argues that she has satisfied the requirement to exhaust her administrative remedies before

---

[2] The Complaint seeks "all appropriate legal and equitable relief," including backpay for lost wages and benefits, compensatory damages, punitive damages, attorney's fees and litigation costs, and other relief. (Compl. at pp. 1, 2.) But courts have routinely held that compensatory and punitive damages are not available for ADA retaliation claims. *See, e.g.*, *Leone v. N. Jersey Orthopaedic Specialists, P.A.*, 2012 WL 1535198, at *7 n.3 (D.N.J. Apr. 27, 2012);*Kozempel v. Grand View Hosp.*, 2011 WL 1196851, at *3) (E.D. Pa. Mar. 30, 2011) (noting that courts within the Third Circuit have followed persuasive precedent from other circuits that compensatory and punitive damages are not available for ADA retaliation claims). Still, a complaint's prayer for relief "is not itself a part of the plaintiff's claim" when reviewing the sufficiency of the pleading, and the prayer for relief is not subject to dismissal. *Onely v. Redner's Markets, Inc.*, 2022 WL 1773606, at *6 (E.D. Pa. June 1, 2022) (quoting *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002)).

filing her ADA claim in federal court. (*Id.* at p. 2.)[3] Plaintiff therefore "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Accordingly,

**IT IS** on this **21st** day of **OCTOBER 2026** **ORDERED** that:

1. The Application (ECF No. 1–3) is **GRANTED.**

2. The Clerk of the Court is directed to file the Complaint (ECF No. 1) and issue a summons. The United States Marshall shall serve a copy of the complaint, summons, and this order upon the defendant as directed by plaintiff. All costs for service shall be advanced by the United States.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

[3] The Complaint states that plaintiff's ADA retaliation was filed within the required 90 days after receipt of the EEOC's notification of the right to sue, but plaintiff cites the date she downloaded the letter from the EEOC's online portal, rather than her receipt of the physical or electronic notification letter. (Compl. at p. 2.) *See* 42 U.S.C. § 2000e-5(f)(1); *Hayes v. New Jersey Dept. of Human Services*, 108 F.4th 219, 221-22 (3d Cir. 2024); *see also Shellenberger v.*, 318 F.3d at 188 (noting that "retaliation claims under the ADA are analyzed under the same framework as Title VII discrimination claims"). Taking plaintiff's allegation as true, I will allow the Complaint to proceed at this stage. But plaintiff is advised that her retaliation claim may be time barred.